UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA ARMOUR,<br><br>                  Plaintiff,<br><br>v.<br><br>HOUSING AUTHORITY; PSE&G COMPANY; US COPYRIGHTS OFFICE; US PATENT OFFICE; FEDERAL BUREAU OF INV. (FBI); THOMAS VENA; SUSAN F. MAVEN; JOSE LINARES; DOUGLAS FASCIALE; and VERIZON PHONE COMPANY,<br><br>                  Defendants. | Case No.: 23-cv-808-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion for Leave to Amend the Complaint (ECF No. 41), Motion for Leave to Amend the Complaint, Correction (ECF No. 42), Motion for Entry Into Default (ECF No. 43), and the Motion for Courts to Request the HCVP Voluntary Withdrawal Declaration Form From Housing Authority (ECF No. 44) filed by Plaintiff Olivia Armour ("Plaintiff").

## I. BACKGROUND

On December 5, 2022, Plaintiff, proceeding pro se, initiated this action by filing a Complaint in the Superior Court of California, County of San Diego (Case No. 37-2022-00048798-CU-PT-CTL) against the U.S. Copyright Office, the U.S. Patent and Trademark Office, and the Federal Bureau of Investigation (collectively, "the Federal Defendants"), Hon. Douglas Fasciale, Hon. Thomas Vena, and Hon. Susan Maven (collectively, "the Judiciary Defendants"), Newark Housing Authority, Public Service Enterprise Group ("PSE&G"), and Verizon Communications Inc. ("Verizon"). (ECF No. 1-2 at 29–34.) On May 3, 2023, the Federal Defendants removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which allows the removal of actions against "[t]he United States or any agency thereof." (ECF No. 1.)

On June 30, 2023, the Federal Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 7.) On July 19, 2023, the Judiciary Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 9.)

On February 28, 2024, the Court issued an Order (the "February 28th Order") (ECF No. 24) dismissing the claims against the Federal and Judiciary Defendants without prejudice and providing Plaintiff with notice that the Court would dismiss Plaintiff's claims against the remaining defendants—the Newark Housing Authority, PSE&G, and Verizon—without prejudice unless Plaintiff provided proof that service of the summons and Complaint was effectuated or was otherwise not required. (ECF No. 24 at 15.) The Court granted Plaintiff fourteen days to file a motion for leave to amend the Complaint, accompanied by a proposed amended complaint addressing the deficiencies identified in the February 28th Order. *Id.*

On March 11, 2024, Plaintiff filed a Motion for Leave to Amend Complaint/Corrections of Deficiencies/Motion for Written Discovery. (ECF No. 25.)

On March 13, 2024, Plaintiff filed a Motion for Leave to Amend Complaint Repair Deficiencies/Motion to Serve Defendants via Email/Motion for Waiver of Sovereign Immunity Motion for Written Discovery. (ECF No. 26.)

On March 27, 2024, Plaintiff filed a Motion for a Leave to Amend Complaint Repair Deficiencies/Motion to Serve Defendants via Email/Motion for Waiver of Sovereign Immunity/Motion for Entry into Default Motion for Written Discovery. (ECF No. 28.)

On June 11, 2024, the Court issued an Order (the "June 11th Order") (ECF No. 29) dismissing Plaintiff's claims against Defendants Newark Housing Authority, PSE&G, and Verizon without prejudice for failure to properly effectuate service. *Id.* at 5. The Court additionally denied Plaintiff's Motion for Leave to Amend Complaint/Corrections of Deficiencies/Motion for Written Discovery (ECF No. 25), Motion for Leave to Amend Complaint Repair Deficiencies/Motion to Serve Defendants via Email/Motion for Waiver of Sovereign Immunity Motion for Written Discovery (ECF No. 26), and Motion for a Leave to Amend Complaint Repair Deficiencies/Motion to Serve Defendants via Email/Motion for Waiver of Sovereign Immunity/Motion for Entry into Default Motion for Written Discovery (ECF No. 28) without prejudice for—among other reasons—failure to comply with the February 28th Order by filing a copy of the proposed amended complaint and identifying how it differed from the operative Complaint. (*See* ECF No. 29 at 5–7.) The Court granted Plaintiff twenty-one (21) days to file a motion for leave to amend the Complaint, accompanied by a proposed amended complaint addressing the deficiencies identified in the February 28th Order and stating an adequate basis for federal subject matter jurisdiction. *Id.* at 7.

Plaintiff subsequently filed three motions:

1. On July 1, 2024, Plaintiff filed a Motion for Leave to Amend Complaint/Motion for Default Against Remaining Defendants/Motion for a Fair Hearing. (ECF No. 30.) On July 15, 2024, the Federal Defendants filed the Response in Opposition to Plaintiff's Motion for Leave to Amend the Complaint. (ECF No. 32.)

2. On August 27, 2024, Plaintiff filed a Motion Against the Defendants in Default/To Respond to the Defendants' Attorney/Motion for a Court Ordered X-Ray/OBGYN/Motion for a Fair Hearing. (ECF No. 36.) In this Motion, Plaintiff provided the Court with a new mailing address. *Id.*

3. On September 13, 2024, Plaintiff filed a Motion Against Federal Defendants' Attorney Response Should Be Stricken/Defendants Are in Default/ Motion for a Court Ordered X-Ray/OBGYN/Motion for a Fair Hearing. (ECF No. 37.)

These Motions did not address the deficiencies discussed in the June 11th Order. However, on July 14, 2024 and August 22, 2024, the Court received notice that Plaintiff's mail had been returned as undeliverable. (ECF Nos. 34, 35.)

On September 24, 2024, the Court ordered the Clerk of the Court to mail the undelivered filings to Plaintiff's current address and granted Plaintiff additional time to respond appropriately to the June 11th Order. (ECF No. 38.) The Court stated that "[a]ny motion for leave to amend must be accompanied by a proposed amended complaint, which must address the deficiencies discussed in the June 11th Order" and "must also state an adequate basis for federal subject matter jurisdiction over Plaintiff's claims." *Id.* at 4.

On November 20, 2024, Plaintiff filed the Motion for Leave to Amend the Complaint (the "November Motion for Leave to Amend"). (ECF No. 41.)

On December 26, 2024, Plaintiff filed the Motion for Leave to Amend the Complaint, Correction (the "December Motion for Leave to Amend"). (ECF No. 42.) The December Motion for Leave to Amend appears to have been filed to correct the caption in the November Motion for Leave to Amend by removing the Federal and Judiciary Defendants, and adding individual defendants related to the Newark Housing Authority, PSE&G, and Verizon. (*See* ECF No. 42-3 at 2.) Additionally, attached to the December Motion for Leave to Amend is a Declaration of Service indicating that the Newark Housing Authority, PSE&G, and Verizon were "served" via certified mail. (*See* ECF Nos. 42-5 & 42-6.)

On December 27, 2024, Plaintiff filed the Motion for Entry Into Default (the "Motion for Default"). (ECF No. 43.)

On January 6, 2025, Plaintiff filed the Motion for Courts to Request the HCVP Voluntary Withdrawal Declaration Form From Housing Authority (the "Motion for Withdrawal Declaration Form"). (ECF No. 44.)

## II.  DISCUSSION

Plaintiff has not filed proof that service was properly or timely effectuated against the Newark Housing Authority, PSE&G, or Verizon. Although Plaintiff attached a Declaration of Service to the December Motion for Leave to Amend indicating that the Newark Housing Authority, PSE&G, and Verizon were "served" via certified mail (*see* ECF Nos. 42-5 & 42-6), this is not valid evidence that service has been properly effectuated. The Declaration of Service is not signed by the individual who served the documents, and the documents that were served are not described. Therefore, the Court cannot determine whether service of the summons and the Complaint has been properly effectuated under federal law.

Furthermore, even if the Court found that Plaintiff had properly effectuated service via certified mail on November 25, 2024, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff's deadline to effect service on all Defendants was August 1, 2023. *See* ECF No. 1; *Whidbee v. Pierce*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("[O]nce a case is removed to federal court, a plaintiff has a specified number of days [under Federal Rule of Civil Procedure 4(m)] to effect service of process on all defendants."). It has been nearly a year and a half since the deadline for Plaintiff to effect service passed and Plaintiff has not

shown good cause or other grounds warranting an extension of time to execute service on the Newark Housing Authority, PSE&G, and Verizon.

For these reasons, the Court also finds that Plaintiff's Motion for Default (ECF No. 43) should be denied. Entry of default can only be effectuated if the Court has jurisdiction over a defendant. However, "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Patrick v. Saxon Mortg., Inc.*, 456 F. App'x 697, 698 (9th Cir. 2011) (finding that "[t]he district court did not abuse its discretion by denying [Plaintiff's] motion for default judgment because [Plaintiff] never properly served the summons and complaint on defendant").

Additionally, the November and December Motions for Leave to Amend fail to address the deficiencies identified in the Court's prior Orders and do not provide a sufficient basis to establish federal subject matter jurisdiction. (*See generally* ECF Nos. 41 & 42.) Both the November and December Motions for Leave to Amend cite numerous statutes in Title 18 of the United States Code. (*See* ECF No. 41 at 4–8; ECF No. 42 at 4–8.) However, the laws in Title 18 are criminal laws enforced by federal agencies with law enforcement authority and the November and December Motions for Leave to Amend fail to cite a legal basis for Plaintiff to possess a private right of action under these statutes. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (finding that there is no private right of action for violation of criminal statutes). Although the November and December Motions for Leave to Amend contain a brief reference to the First, Fourth, and Fourteenth Amendments to the United States Constitution (*see* ECF No. 41 at 8; ECF No. 42 at 8), both motions fail to state a plausible basis for how these provisions were allegedly violated. (ECF No. 41 at 8; ECF No. 42 at 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that Federal Rule of Civil Procedure 8, "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation").)

Lastly, the Court notes that Plaintiff's Motion for Withdrawal Declaration Form (ECF No. 44), which the Court interprets as a request for the Court to facilitate the procurement of an "HCVP Voluntary Withdrawal Declaration" Form from the Newark Housing Authority (*see* ECF No. 44 at 2), falls outside the jurisdictional authority of the Court. As such, the Court denies Plaintiff's Motion for Withdrawal Declaration Form.

The Court has provided Plaintiff the opportunity to amend her complaint three times to no avail. (*See* ECF Nos. 24, 29 & 38.) Plaintiff has not shown any legal basis for her claims and Plaintiff's motions to amend the complaint have failed to address the deficiencies highlighted by the Court in the February 28th and June 11th Orders. (*See* ECF Nos. 24 & 29.)

The Court finds that granting Plaintiff further leave to amend would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("A district court … may in its discretion deny leave to amend due to… repeated failure to cure deficiencies by amendments previously allowed… [or] futility of amendment." (internal quotation marks omitted)); *Finley v. Williams*, No. 2:21-CV-06277-RGK-PD, 2022 WL 2036309, at *3 (C.D. Cal. Jan. 24, 2022) (denying Plaintiff's motion to amend the complaint for her "repeated failure to cure deficiencies"); s*ee Schmier v. U.S. Ct. Appeals for Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing that "[f]utility of amendment" is a proper basis for dismissal without leave to amend).

### III. CONCLUSION

Because Plaintiff's November and December Motions for Leave to Amend (ECF Nos. 41 & 42) fail to correct the deficiencies in the Complaint that this Court has identified or state an adequate basis for subject matter jurisdiction, IT IS HEREBY ORDERED that Plaintiff's November and December Motions for Leave to Amend (ECF Nos. 41 & 42) are denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default (ECF No. 43) is denied because Plaintiff never properly served the summons and Complaint on the Newark Housing Authority, PSE&G, or Verizon.

IT IS FURTHER ORDERED that Plaintiff's Motion for Withdrawal Declaration Form (ECF No. 44) is denied because it requests relief that is outside the purview of the courts.

IT IS FURTHER ORDERED that, because Plaintiff has repeatedly failed to file proof that service was properly and timely effectuated on the Newark Housing Authority, PSE&G, or Verizon, Plaintiff's Complaint (ECF No. 1-2 at 29–34) is dismissed without prejudice and without leave to amend. The Clerk of the Court shall enter judgment in favor of all defendants and close this case.

Dated: January 13, 2025

Hon. William Q. Hayes
United States District Court